IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2024

**STATE OF TENNESSEE v. BYRON JEROME HIX**

**Appeal from the Circuit Court for Rutherford County
No. 68364     Barry R. Tidwell, Judge**

_____

**No. M2023-01566-CCA-R3-CD**

_____

The Defendant, Byron Jerome Hix, appeals the trial court's reinstatement of his effective eleven-year sentence for his Class B and Class C felony drug convictions following the revocation of his probation, arguing that the trial court abused its discretion by ordering his original sentence into effect and by denying his request for credit for the five-plus years he successfully served on probation. Based on our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR. J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and MATTHEW J. WILSON, JJ., joined.

Darren Drake, Murfreesboro, Tennessee, for the appellant, Byron Jerome Hix.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilbur, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and Brent Pierce, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In August 2012, the Defendant was indicted by the Rutherford County Grand Jury for three counts of the sale of .5 grams or more of cocaine within 1000 feet of a public or private elementary school, middle school, secondary school, preschool, child care agency, or public library, recreational area or park, a Class B felony. The record contains judgments entered on August 19, 2013, that reflect that the Defendant pled guilty to the first two counts of the indictment and was sentenced in both counts to eight years at thirty percent with one year to serve followed by supervised probation. Count three was dismissed, and the sentence for count one was ordered to be served consecutively to all other sentences and convictions.

On July 6, 2022, an amended judgment was filed for count two reflecting a guilty plea to the lesser offense of the attempted sale of cocaine within a school zone, a Class C felony, with a three-year sentence on supervised probation to be served consecutively to the eight-year sentence in count one. At the probation violation hearing, the prosecutor explained his understanding of the case:

> So, . . . my understanding is he served two years based on the original judgments. Originally, this was prosecuted and the sentence was 16 years. It was split confinement. Serve a year on two eights stacked together.
>
> At some point after the service of the first two years, the Department of Corrections [sic] notified the Court that that was an illegal sentence. And somehow what came out of that - - I was not a party to it - - is this eight and three.
>
> I believe he is entitled to two [years credit] because I think he served two before it was determined this was an illegal sentence.

On March 10, 2023, a probation violation warrant was filed based on the Defendant's January 19, 2023 arrest by the Rutherford County Sheriff's Department for receiving parcels of marijuana through the mail. At the October 10, 2023 probation violation hearing, defense counsel introduced as exhibits the Defendant's Form 1099 from Gamble Enterprises and letters of support from the Defendant's stepfather and the Defendant's wife. The Defendant's stepfather described the Defendant as a cheerful, pleasant individual, a helpful and supportive son, father, brother and uncle, and a man who always kept a job and provided for his family. The Defendant's wife stated in her letter that the Defendant had always held a job, that he provided both financial and emotional support for her and his three daughters, and that he served with homeless ministries in the community. She also said that the Defendant currently owned his own trucking business in which he worked independently for companies such as "Gamble Enterprise." The

Defendant's Form 1099 reflected that the Defendant had received non-employee compensation of $92,988 from Gamble Enterprises.

The parties agreed that the Defendant was not contesting the probation violation and that the hearing was to determine the manner of service of the sentence. Defense counsel added that a preliminary hearing had been held on the Defendant's new felony charge, and that the case was "on its way upstairs."

Detective George Barrett of the Rutherford County Sheriff's Office testified that he arrested the Defendant on January 19, 2023, for the "[m]anufacture, deliver, sale, possess Schedule VI narcotics, marijuana." He said he was contacted in December 2022, by Inspector Paxton of the United States Postal Service, who informed him that "he had a target that had been receiving suspect parcels of marijuana over the last two years." He stated that Inspector Paxton had obtained federal search warrants and determined that the suspect parcels contained marijuana, and that he provided Detective Barrett with "information, reports, and evidence [that] he had taken off several suspect parcels." Detective Barrett testified that he had evidence that the activity went back "[a]pproximately two years[,]" or to 2020. He did not have any record of the Defendant's having received any marijuana parcels prior to 2020.

Detective Barrett testified that when he executed his search warrant on the Defendant's home, he uncovered 12 pounds of marijuana, packages of THC edibles, drug paraphernalia, and "miscellaneous drug related documents that included an order form [for the California entity from which the Defendant had been making his purchases] for the various strains of marijuana." He stated that the Defendant was calm and cooperative during the execution of the warrant and when he took him into custody. On cross-examination, he testified that the Defendant acknowledged that the marijuana uncovered during the search of his home was his.

Without objection by the Defendant, the prosecutor requested that the trial court take judicial notice of the Defendant's six prior cocaine-related Class B felonies in Rutherford County on five different offense dates and his cocaine-related Class C felony conviction with a different offense date.

In an allocution to the court, the Defendant apologized for his actions, stating that he had been reflecting over his life during the past seven months he had been incarcerated, realized that he should have done better, and believed that he had matured. He pointed out that he had been doing "really well" except for "this incident[,]" and that he had held a job for the past six or seven years and started his own business. He said that his parents, his

- 3 -

wife, and his nieces and nephews depended on him and asked that the trial court give him a second chance.

Among other things requested by defense counsel during closing argument was that the trial court give the Defendant "good behavior" or "street credit" for the five years, three months, and twenty days that he served on probation prior to his alleged December 10, 2020 receipt of the first parcel of marijuana. The trial court denied that request and instead ordered the original eleven-year sentence into effect, with the Defendant given credit for the two years of incarceration he had previously served and the 209 days he had spent in jail prior to the hearing. This appeal followed.

## ANALYSIS

The Defendant argues on appeal that the trial court abused its discretion by ordering his sentence into effect based on a first violation of his probation and by denying his request for street credit for the years he successfully spent on probation without engaging in unlawful conduct. The State responds that the trial court properly exercised its discretion in determining the consequences for the probation violation.

"[P]robation revocation is a two-step consideration on the part of the trial court." *State v. Dagnan*, 641 S.W.3d 751, 757 (Tenn. 2022). "The first [step] is to determine whether to revoke probation, and the second [step] is to determine the appropriate consequence upon revocation." *Id.* Each of these is a separate and distinct decision, although there is no requirement that two separate hearings be held. *Id.* at 757-8. The standard of review for a probation revocation case is "abuse of discretion with a presumption of reasonableness so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *Id.* Because the Defendant conceded the probation violation, we need address only the trial court's determinations as to the appropriate consequences following the revocation of the Defendant's probation.

Upon finding by a preponderance of the evidence that a defendant has violated his probation by committing a new felony, a trial court has the discretionary authority to revoke the defendant's probation and place the original sentence into effect. Tenn. Code Ann. § 40-35-311 (e)(2) (Supp. 2023). A trial court also has the discretionary authority to give credit against the original judgment for the time that the defendant has successfully served on probation. *See id*. §§ 40-35-310(a), 40-35-311(e)(2). When determining the consequences for a probation violation and whether to award credit for time successfully spent on probation, "a trial court may consider 'the number of revocations, the seriousness of the violation, the defendant's criminal history, and the defendant's character.'" *State v.*

- 4 -

*Williams*, 673 S.W.3d 255, 260 (Tenn. Crim. App. 2023) (quoting *Dagnan*, 641 S.W. 3d at 759, n. 5).

We agree with the State that the trial court acted well within its discretion in ordering the original sentence into effect and denying the Defendant's request that he be awarded credit for the time he had successfully served on probation before he began his illegal drug activity. In its determination of the consequences for the Defendant's violation of his probation, the trial court appropriately considered the fact that the Defendant had earned over $90,000 from his trucking business, expressing its difficulty in understanding the Defendant's motivation for engaging in his new criminal enterprise with such a significant legitimate income. The trial court also appropriately considered the Defendant's seven prior felonies and the very serious nature of his pending felony drug charge. While the trial court *may* award a defendant credit for time successfully served on probation, it is not required to do so. Tenn. Code Ann. Sec. 40-30-111(e)(2) (emphasis added). We, therefore, affirm the trial court's reinstatement of the original sentence and denial of the Defendant's request for street credit.

## **CONCLUSION**

Based on our review, we affirm the judgment of the trial court.

_____
JOHN W. CAMPBELL, SR., JUDGE